IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER CODY LESTER,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00038 |
| ) | |
| v. ) | |
| ) | **By: Michael F. Urbanski** |
| **J. CHRISTOPHER PLASTER, et al.,** ) | **Chief United States District Judge** |
| Defendants. ) | |

### MEMORANDUM OPINION

Christopher Cody Lester, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

### I.  Background

Lester is incarcerated at the Southwest Virginia Regional Jail in Haysi, Virginia. State court records available online indicate that he is currently serving a sentence imposed by the Circuit Court of Tazewell County for possession of methamphetamine.[1]

According to Lester's amended complaint and the accompanying exhibits, Lester was previously arrested pursuant to a misdemeanor warrant issued by a magistrate in Russell County. See Am. Compl., ECF No. 7, at 6. The warrant charged Lester with assault and battery against a family or household member. Id. Bruce Russell represented Lester in connection with the misdemeanor charge, which was initiated in the Juvenile and Domestic Relations

---

[1] See Virginia Courts Case Information, http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (last accessed Apr. 20, 2023).

District Court of Russell County. Id. at 7. On January 5, 2023, the charge was dismissed upon payment of court costs. Id.

Lester asserts that his wife, the alleged victim in the assault and battery case, is "related to" or "good friends" with the "prosecution" and that the "arresting officer is [his] wife's cousin." Id. at 3, 6, 15. Lester claims that these relationships created a conflict of interest and that there was a "lack of factual allegations." Id. at 3. He also claims that Russell and another attorney, Penny Nimmo, had conflicts of interest that prevented them from properly representing him on the criminal charges. Id. at 3–4. In addition to Russell and Nimmo, Lester names the following individuals as defendants: Tazewell County Commonwealth's Attorney J. Christopher Plaster; Tazewell County Assistant Commonwealth's Attorneys Melanie Menefee and Kathryn Gallagher; Circuit Court Judge Richard Patterson; and Wes Mitchell, a police officer for the Town of Richlands. Id. at 1–2.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

2

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

First, the amended complaint does not allege facts from which the court could conclude that Lester's attorneys acted under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Moreover, an attorney, whether retained or appointed by the court, does not act under color of state law when performing traditional functions as counsel. See Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (holding that a § 1983 action against a state-appointed attorney was subject to dismissal "for want of state action"); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a "private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983) (emphasis in original). Accordingly, the amended complaint fails to state a cognizable § 1983 claim against Russell and Nimmo.

Second, the doctrine of judicial immunity bars any claim against Judge Patterson. "The Supreme Court has held that judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983," when such suit arises from judicial actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted). For purposes of judicial immunity, the scope of a judge's jurisdiction is construed broadly. Stump v. Sparkman, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356–57 (internal quotation marks and citation omitted). Here, there is no plausible suggestion that Judge Patterson acted outside his judicial capacity or in the clear absence of all jurisdiction. Accordingly, he is entitled to absolute immunity.

Similarly, Plaster, Menefee, and Gallagher are entitled to "absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity." Savage v. Maryland, 896 F.3d 260, 268 (4th Cir. 2018) (quoting Imbler, 426 U.S. at 430). For instance, prosecutors act as an advocate when they evaluate evidence assembled by the police, decide to seek an arrest warrant, prepare and file charging documents, and present evidence at trial. Nero v. Mosby, 890 F.3d 106, 118 (4th Cir. 2018). Thus, to the extent that Lester is suing Plaster, Menefee, and Gallagher for their role in initiating and/or prosecuting criminal charges against him in Tazewell County,

4

they are entitled to prosecutorial immunity.[2] The amended complaint otherwise fails to state a cognizable claim under § 1983 against these defendants.

The final defendant is Wes Mitchell, who Lester identifies as the "arresting officer" with the Town of Richlands Police Department. Am. Compl. at 15. Lester does not identify the particular arrest for which Mitchell was allegedly responsible. To the extent that Lester is attempting to hold Mitchell liable for false arrest in violation of the Fourth Amendment, the amended complaint does not contain sufficient allegations to state a plausible claim for relief. See Sowers v. City of Charlotte, 659 F. App'x 738, 739 (4th Cir. 2016) ("To state a claim for false arrest or imprisonment under § 1983, a plaintiff must demonstrate that he was arrested without probable cause."); see also Saunders v. BB&T Bank, 852 F. App'x 651, 654 (3d Cir. 2021) (holding that district court properly dismissed a plaintiff's claims of false arrest and false imprisonment since the plaintiff "made no factual allegations to indicate that his arrest was lacking in probable cause").

## IV.   Conclusion

For the foregoing reasons, the court concludes that Lester's amended complaint is subject to dismissal for failure to state a claim against the named defendants. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file a second amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

---

[2] Although prosecutorial immunity protects defendants from "damages liability only," Savage v. Maryland, 896 F.3d 260, 274 (4th Cir. 2018), Lester's amended complaint does not seek or meet the standard for injunctive relief under § 1983. See Raub v. Campbell, 785 F.3d 876, 885-86 (4th Cir. 2015).

Entered: May 1, 2023

Digitally signed by
Michael F. Urbanski
Chief U.S. District Judge
Date: 2023.05.01 14:51:34
-04'00'

Michael F. Urbanski
Chief United States District Judge